31804. MORELAND et al. v. GILLIS et al.

Per curiam.

The appellees here, the complainants in the trial court, have made a motion to dismiss this appeal on the ground that it is not taken from an appealable judgment, and there is no certificate allowing an interlocutory appeal. We conclude that the motion is meritorious and must be sustained.

On July 12, 1976, upon application of the complainants-appellees, the trial court entered a temporary restraining order restraining appellants from

executing work orders with respect to the alteration of certain highway signs at the intersection of Interstate Highways I-75 and I-475. The temporary restraining order set a hearing for a ruling on a requested writ of injunction for August 20, 1976. By agreement of counsel for the parties the temporary restraining order was continued in effect beyond its expiration date in an effort to give the parties time to effect a settlement of the issues in controversy.

Settlement not being possible, appellants' motion to dismiss the complaint was heard by the trial judge on September 17, 1976, and at the conclusion of the hearing the trial judge stated from the bench that he would overrule the motion to dismiss on all grounds.

Counsel for the appellants then stated: "Your Honor, would you grant a certificate of immediate review?" And the trial judge replied: "No, Sir, I don't see the necessity of that. I think the appellate courts are cluttered up enough with their business and I'm ready to hear the other portion of this. In fact, it was set down a month ago and I think as soon as you all are ready, we'll hear it and if the court needs to review it, let them review it all at one time. No need in making two cases for them up there. I will deny the right of review."

Then on September 30, 1976, the trial judge entered the following judgment: "Defendants' motion to dismiss coming on to be heard by the court on September 17, 1976, and, after hearing argument and citation of authority by both sides, it is ordered and adjudged that defendants' motion to dismiss is overruled."

The appellants' notice of appeal is from the September 30 judgment, and the notice of appeal says that that judgment has "the effect of refusing to vacate a temporary restraining order issued in said action on July 12, 1976."

As we read the transcript, we do not think that the September 30 judgment had that effect. The trial judge obviously wanted to reach the merits of granting or denying injunctive relief which he assumed that he had not done at the conclusion of the September 17 hearing on the motion to dismiss. Appellants sought a certificate for interlocutory appeal which the trial judge denied.

As we read the judgment sought to be appealed and the transcript leading up to its entry, we conclude that it was not an appealable judgment under Code Ann. § 6-701 (a) 3.

The motion of the appellees to dismiss the appeal is sustained.

*Appeal dismissed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

ARGUED JANUARY 12, 1977 — DECIDED APRIL 21, 1977.

*Arthur K. Bolton, Attorney General, Michael E. Hobbs, Staff Assistant Attorney General,* for appellants.
*Hall & Bloch, Benjamin M. Garland,* for appellees.